Timothy J. Sheehan, Plaintiff-Appellant, v. Sidney T. Holzman, et al., Individually and as Members of the Chicago Board of Election Commissioners, Defendants-Appellees.

Gen. No. 50,005.

First District, Second Division.

October 8, 1964.

Reginald J. Holzer, of Chicago, for appellant.

George M. Leighton, of Chicago, for appellees.

PER CURIAM opinion of the court.

Timothy J. Sheehan, Chairman and Presiding Officer of the Central Committee of the Republican Party of Cook County, Illinois, filed a complaint asking the

court to issue a mandatory injunction directing the Chicago Board of Election Commissioners and the members thereof to permit plaintiff from October 7 through October 9, 1964, to duplicate by photostatic means the contents of all Verification Books submitted to the Chicago Board of Election Commissioners for all precincts within the 1st, 2nd, 3rd, 4th, 6th, 24th, 25th, 26th, 27th, 28th and 29th Wards of the City of Chicago, the duplicating to be done in the Offices of the Board during regular business hours or at such times and places as might be designated by the court. Defendants filed a special and limited appearance objecting to the jurisdiction of the court over the persons of the defendants. The defendants also filed a motion to quash the summons and to dismiss the complaint. In their motion the defendants say that they have authority of law contained in chap 46, § 6–21 and § 6–26, jurisdiction and power to make provisions for elections to be held in the City of Chicago and certain other municipalities and that the complaint does not allege any fact which under the law would give the court jurisdiction over the subject matter described in the complaint. The court decreed that the summons be quashed and that the complaint be dismissed. Plaintiff appeals.

■ We granted plaintiff's request that because of the emergency of time we hear and decide the appeal immediately and without abstracts or briefs. The attorneys for the respective parties argued the case orally. We think that the defendants submitted to the jurisdiction of the court when they sought dismissal of the complaint on the ground that the court did not have authority under the law to grant the relief sought and that they appeared generally. We think that the motion presented by the defendants waived any question of jurisdiction over the person of the defendants.

■ The plaintiff relies on Ill Rev Stats 1963, chap 46, § 18–1. There is nothing in this section or in any other section of this statute which gives the plaintiff the right to the relief sought. The plaintiff did not allege any facts tending to show that the Board acted as a matter of whim or in a fraudulent or arbitrary manner. See People ex rel. Schlaman v. Electoral Board, 4 Ill2d 504, 122 NE2d 532. Therefore the decree of the Circuit Court dismissing the complaint is affirmed.

Decree affirmed.

BURKE, P. J., FRIEND and BRYANT, JJ.